**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRUCE CAMPBELL, as Administrator** | : | |
| **Of the ESTATE of GREGORY C.** | : | |
| **CAMPBELL,** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA and** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **POLICE OFFICER** | : | |
|     **JAMES CROWN** | : | **Civil Action No. _____** |
|     **(Badge # 2983)** | : | |
| **individually and as a Police Officer** | : | |
| **for the City of Philadelphia; and** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **POLICE OFFICER** | : | |
|     **MICHAEL TRSK** | : | |
|     **(Badge # 9636)** | : | |
| **individually and as a Police Officer** | : | |
| **for the City of Philadelphia; and** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **POLICE OFFICER** | : | |
|     **WILLIAM SCHLOSSER** | : | |
|     **(Badge # 2046)** | : | |
| **individually and as a Police Officer** | : | |
| **for the City of Philadelphia; and** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **POLICE OFFICER** | : | |
|     **BRIAN WILLIAMS** | : | |
|     **(Badge # 4793)** | : | |
| **individually and as a Police Officer** | : | |
| **for the City of Philadelphia; and** | : | |
| | : | |

**CITY OF PHILADELPHIA**          :
**POLICE OFFICER**          :
    **FRANK LUCA**          :
    **(Badge # 6946)**          :
**individually and as a Police Officer**    :
**for the City of Philadelphia;**          :

## COMPLAINT

Plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell ("Mr. Campbell"), by and through his attorneys, Gay Chacker & Mittin, P.C., hereby asserts the following Complaint against defendants, City of Philadelphia ("City"), Police Officer James Crown ("defendant Crown"), Police Officer Michael Trask ("defendant Trask"), Police Officer William Schlosser ("defendant Schlosser"), Police Officer Brian Williams ("defendant Williams") and Police Officer Frank Luca ("defendant Luca") (collectively "defendants"), as follows:

## Parties

1. Plaintiff is and was at all material times a resident of Philadelphia, Pennsylvania.

2. Mr. Campbell was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Philadelphia Police Department, which employed defendant Police Officers James Crown, Michael Trask, William Schlosser, Brian Williams and Frank Luca.

4. Defendant Police Officer Crown was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

5.      Defendant Police Officer Trask was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

6.      Defendant Police Officer Schlosser was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

7.      Defendant Police Officer Williams was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

8.      Defendant Police Officer Luca was at all times relevant to this action an officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

## Jurisdiction

9.      This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

10.     On August 21, 2006, Mr. Campbell was driving a 2002 Acura Integra owned by his friend Susan Snyder, and for no apparent reason, was chased by an unidentified off-duty federal officer.

11.     As a result of this chase, Mr. Campbell drove down Belgrade Street in

3

Philadelphia, Pennsylvania.

12.     At approximately 8:00 p.m. on August 21, 2006, at the Church of the Nativity of the Blessed Virgin Mary, 2535 East Allegheny Street and the 3200 block of Belgrade Street in Philadelphia, Pennsylvania, the defendants, without provocation, shot Mr. Campbell at least 25 times, killing him.

13.     Throughout the course of the shooting, none of the defendant officers made any attempt to interrupt the assault or protect Mr. Campbell from violations of his rights by the other defendant officers.

14.     The assault of Mr. Campbell continued until Mr. Campbell died.

15.     At no time during the incident described in this complaint did Mr. Campbell violate the laws of Pennsylvania or any other jurisdiction as described in the bogus paperwork prepared by the defendant officers.

16.     At no time did Mr. Campbell cause any danger to any police officers or anyone present at the scene.

17.     As a direct and proximate result of the actions or inactions of the defendants, Mr. Campbell was shot over 25 times and died.

18.     As a direct and proximate result of the defendants' actions, Mr. Campbell was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested and the right to due process of law.

19.     The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Campbell to freedom from use of excessive, unreasonable and

4

unjustified force against his person and the right to due process of law.

**COUNT ONE**
**Excessive Use of Force**
**42 U.S.C. § 1983 Against Individual Defendants**
**<u>CROWN, TRASK, SCHLOSSER, WILLIAMS AND LUCA</u>**

20.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 19, inclusive, of his Complaint as if the same were set forth at length herein.

21.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants Crown, Trask, Schlosser, Williams and Luca for violation of Mr. Campbell's constitutional rights under color of law.

22.    As aforesaid, defendants Crown, Trask, Schlosser, Williams and Luca, acting within the course and scope of their employment, under color of state law, and pursuant tot eh customs, policies and practices of the Philadelphia Police Department intentionally and maliciously shot Mr. Campbell; deprived Mr. Campbell of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States; in particular, the right to be free from excessive use of force by an officer; which violated Mr. Campbell's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

23.    Defendants Crown, Trask, Schlosser, Williams and Luca, within the course and scope of their employment, under color of state law, and pursuant tot eh customs, policies and practices of the Philadelphia Police Department intentionally and maliciously assaulted and battered Mr. Campbell, and used their positions of authority illegally and improperly to punish Mr. Campbell as set forth above which violated Mr. Campbell's rights under the Fourth and

5

Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

24.     Defendants Crown, Trask, Schlosser, Williams and Luca, have been deliberately indifferent to the right of citizens of the City of Philadelphia to be free from excessive force, which deliberate indifference violated Mr. Campbell's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

25.     Defendants Crown, Trask, Schlosser, Williams and Luca invaded the privacy and/or cast Mr. Campbell in a false light by making it appear to others that Mr. Campbell had violated or were violating the laws of the Commonwealth of Pennsylvania or of another jurisdiction.

26.     As a result of the above actions, Mr. Campbell suffered the damages as aforesaid.

27.     The actions of defendants Crown, Trask, Schlosser, Williams and Luca were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Campbell's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell, demands judgment in his favor and against defendant, James Crown, Michael Trask, William Schlosser, Brian Williams and Frank Luca for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

6

**COUNT TWO**
**Excessive Use of Force**
**42 U.S.C. § 1983 and Supplemental Claim Against Individual Defendants**
**CROWN, TRASK, SCHLOSSER, WILLIAMS AND LUCA**

28.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 27, inclusive, of his Complaint as if the same were set forth at length herein.

29.     Defendants Crown, Trask, Schlosser, Williams and Luca, acting in concert and conspiracy, committed acts in violation of Mr. Campbell's Constitutional Rights and against the laws of Pennsylvania.  The defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny plaintiff's access to the courts and to due process and to cover-up the wrongful shooting of Mr. Campbell.

30.     Defendants Crown, Trask, Schlosser, Williams and Luca performed overt acts in furtherance of the conspiracy.

31.     As a result of the above actions, Mr. Campbell suffered the damages as aforesaid.

32.     The actions of defendants Crown, Trask, Schlosser, Williams and Luca were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Campbell's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell, demands judgment in his favor and against defendants, James Crown, Michael Trask, William Schlosser, Brian Williams, and Frank Luca for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

**COUNT THREE**
**Bystander Liability**
**42 U.S.C. § 1983 Against Individual Defendants**
<u>**CROWN, TRASK, SCHLOSSER, WILLIAMS AND LUCA**</u>

33.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 32, inclusive, of his Complaint as if the same were set forth at length herein.

34.     Plaintiff believes and therefore avers that defendants Crown, Trask, Schlosser, Williams and Luca encourages and stood idly by while Mr. Campbell was shot and assaulted and battered which deprived Mr. Campbell of his Constitutional rights and privileges under the Constitution of the United States.

35.     Plaintiff believes and therefore avers that defendants Crown, Trask, Schlosser, Williams and Luca encourages and stood idly by while Mr. Campbell was shot and assaulted and battered which deprived Mr. Campbell of his rights and privileges under the Fourth and Fourteenth Amendments of Constitution of the United States.

36.     Defendants Crown, Trask, Schlosser, Williams and Luca failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery and shooting of Mr. Campbell.

37.     By encouraging and failing to intervene, defendants Cronw, Traask, Schlosser, Williams and Luca effectively assisted each other in assaulting and battering and shooting Mr. Campbell and therefore deprovied Mr. Campbell of this Constitutional rights and privileges Mr. Campbell's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38.     As a result of the above actions, Mr. Campbell suffered the damages as aforesaid.

39.     The actions of defendants Crown, Trask, Schlosser, Williams and Luca were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Campbell's rights and well being that the imposition of punitive damages is warranted.

40.     The defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny plaintiff's access to the courts and to due process and to cover-up the wrongful shooting of Mr. Campbell.

41.     Defendants Crown, Trask, Schlosser, Williams and Luca performed overt acts in furtherance of the conspiracy.

42.     As a result of the above actions, Mr. Campbell suffered the damages as aforesaid.

43.     The actions of defendants Crown, Trask, Schlosser, Williams and Luca were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Campbell's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell, demands judgment in his favor and against defendants, James Crown, Michael Trask, William Schlosser, Brian Williams, and Frank Luca for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FOUR
## 42 U.S.C. Section 1983 Against the CITY OF PHILADELPHIA

44.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 43, inclusive, of his Complaint as if the same were set forth at length herein.

45.     Prior to August 21, 2006, the City of Philadelphia developed and maintained

policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in City of Philadelphia, which caused the violation of Mr. Campbell's rights.

46.     It was the policy and/or custom of the City of Philadelphia to cover-up and to avoid detection of acts of police abuse or use of excessive force by charging victims of police abuse with criminal offenses thereby attempting to prevent the victim's access to the courts and to due process.

47.     It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.  The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

48.     It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the defendant officers, against a code of silence or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

49.     It is believed and therefore averred that the City of Philadelphia and the Philadelphia Police Department to adopted and maintained for many years a recognized and accepted policy , custom and practice of systematically shooting fleeing vehicles and subjecting individuals to the same type of treatment to which Mr. Campbell was subjected, which policy constitutes the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

50.     It is believed and therefore averred that the City of Philadelphia and the Philadelphia Police Department have adopted and maintained for many years a recognized policy, custom and practice, specifically, Directive 10, which allows for shooting a fleeing vehicle or its occupants by Philadelphia Police Officers, the same type of treatment to which Mr. Campbell was subjected, and which violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

51.     It is believed and therefore averred that at the time that Mr. Campbell was shot, defendant City of Philadelphia knew or should have known of the previously described policy, custom and practice of the Philadelphia Police Department, and it deliberately, knowingly, and negligently failed to take measures to stop or limit the policy, custom and practice, *inter alia*, providing proper training, supervision, and control of the officers, agents, and/or employees of the Philadelphia Police Department.

52.     As a result of the above described policies and customs, police officers of The City of Philadelphia, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and condoned.

53.     As a result of the above actions, Mr. Campbell suffered the damages as aforesaid.

54.     The actions of defendant City of Philadelphia was  so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Campbell's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C.

Campbell, demands judgment in his favor and against defendant, City of Philadelphia for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

**COUNT FIVE**
**Supplemental Claims Against The CITY OF PHILADELPHIA**

55.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 43, inclusive, of his Complaint as if the same were set forth at length herein.

56.     Defendant, City of Philadelphia, negligently hired, retained and supervised the defendant police officers under the laws of Pennsylvania.

57.     As a result of the above actions, Mr. Campbell suffered the damages as aforesaid.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell, demands judgment in his favor and against defendant, City of Philadelphia for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

**COUNT SIX – EXCESSIVE FORCE**
**ARTICLE I §§ 8 and 9 OF THE PENNSYLVANIA CONSTITUTION**
**Plaintiff Against Individual Defendants**
**CROWN, TRASK, SCHLOSSER, WILLIAMS, and LUCA**

58.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 57, inclusive, of his Complaint as if the same were set forth at length herein.

59.     As aforesaid, defendants Crown, Trask, Schlosser, Williams and Luca deprived Mr. Campbell of his rights, privileges and immunities under the Laws and Constitution of the Commonwealth of Pennsylvania; in particular, the right to be secure in his person, and to be free from the use of excessive force; all of which actions violated the plaintiff's rights under Article I, §§

12

Eight and Nine of the Constitution of the Commonwealth of Pennsylvania, and the Laws of the Commonwealth of Pennsylvania.

60.     As aforesaid, defendants Crown, Trask, Schlosser, Williams and Luca intentionally and maliciously humiliated, threatened, abused, insulted and shot Mr. Campbell, and used their position of authority, illegally and improperly to punish Mr. Campbell, by the above described actions, all of which violated Mr. Campbell's rights under Article I, §§ Eight and Nine of the Constitution of the Commonwealth of Pennsylvania, and the laws of the Commonwealth of Pennsylvania.

61.     As aforesaid, defendants Crown, Trask, Schlosser, Williams and Luca intentionally and maliciously assaulted and battered Mr. Campbell, and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the plaintiff's rights under Article I, §§ Eight and Nine of the Constitution of the Commonwealth of Pennsylvania, and the laws of the Commonwealth of Pennsylvania.

62.     As a direct and proximate result of the malicious, intentional, and/or reckless actions of defendants Crown, Trask, Schlosser, Williams and Luca, Mr. Campbell suffered the injuries that are described above.

63.     The above-described actions of defendants Crown, Trask, Schlosser, Williams and Luca were so malicious, intentional and reckless and displayed such a reckless indifference to Mr. Campbell's rights and well being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell, demands judgment in his favor and against defendants James Crown, Michael Trask, William Schlosser, Brian Williams, and Frank Luca for compensatory damages, punitive

damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

### COUNT SEVEN – RESPONDEAT SUPERIOR
### ARTICLE I, §§ 8 & 9 OF THE PENNSYLVANIA CONSTITUTION
### <u>Plaintiff Against CITY OF PHILADELPHIA</u>

64.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 63, inclusive, of his Complaint as if the same were set forth at length herein.

65.     Defendant, City of Philadelphia, was at all times material the master and/or employer of defendants Crown, Trask, Schlosser, Williams and Luca.

66.     At all times material hereto, defendants Crown, Trask, Schlosser, Williams and Luca were acting in the course and scope of their employment as the servants and/or agents of defendant, City of Philadelphia.

67.     Defendant, City of Philadelphia, intentionally, recklessly and with deliberate indifference failed to properly supervise Defendants Crown, Trask, Schlosser, Williams and Luca, resulting in the harm to Mr. Campbell.

68.     Defendant, City of Philadelphia, is liable under the doctrine of respondeat superior for the intentional, malicious and indifferent conduct of its employees, defendants Crown, Trask, Schlosser, Williams, and Luca and violated Mr. Campbell's constitutional rights under the Pennsylvania Constitution and Laws of the Commonwealth of Pennsylvania.

WHEREFORE, plaintiff, Bruce Campbell, as Administrator of the Estate of Gregory C. Campbell, demands judgment in his favor and against defendant City of Philadelphia for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

_____
EDWARD F. CHACKER, ESQUIRE
BRIAN S. CHACKER, ESQUIRE
GAY CHACKER & MITTIN, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809

**Attorneys for Plaintiff**
**Bruce Campbell, as Administrator of**
**the Estate of Gregory C. Campbell**

Date:   August 6, 2007